**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GERALD LUKE CICILIANO, BAR NO.
9530.

No. 67053



FILED

SEP 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Gerald Luke Ciciliano. Under the plea agreement, Ciciliano admits to violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). These violations arise out of complaints that Ciciliano repeatedly accepted money from clients to perform legal work that he failed to perform or perform effectively. He did not meet deadlines, communicate with his clients, refund unearned fees, or transmit case files to substitute counsel. Moreover, Ciciliano repeatedly failed to respond to inquiries from the State Bar or substantiate his responses to the Bar.

The agreed-upon discipline provides that Ciciliano: (1) shall be suspended for five years commencing once his administrative suspensions have been resolved; (2) shall refund unearned retainer fees and reimburse funds distributed by the State Bar's Client Security Fund on his behalf; (3) agree to binding arbitration before the Fee Dispute Committee for any

15-28364

disputed fees; and (4) pay the actual costs of the disciplinary proceeding (excluding staff salaries) within 30 days of the State Bar submitting its memorandum of costs.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Accordingly, we hereby impose a five-year suspension from the practice of law. Additionally, Ciciliano must comply with all of the conditions in the plea agreement, as outlined above. Ciciliano shall comply with SCR 115 and SCR 116, and the State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Panel
Ciciliano & Associates, LLC
Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court